UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION
IN RE

VICTOR BOSTIC

DEBTOR

CHAPTER 7

CASE NO. 1-16-44422-cec

JUDGE: Carla E. Craig

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Nicole Kolczynski, an associate of the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Wells Fargo Bank, N.A. ("Movant") will move this Court as set forth below:

| | |
|---|---|
| JUDGE: | HON.  Carla E. Craig |
| RETURN DATE & TIME: | January 5, 2017 @ 11:00AM |
| COURTHOUSE: | United States Bankruptcy Court<br>271 Cadman Plaza East<br>Brooklyn, NY 11201 |
| RELIEF REQUESTED: | The proposed order will seek to vacate the automatic stay imposed by 11 U.S.C. § 362(a) with regard to the subject property generally described as 99 Sumner Place, Staten Island, NY 10301, pursuant to 11 U.S.C. § 362(d)(1) based upon the total debt due to Movant, resulting in Movant's lack of adequate protection or, pursuant to 11 U.S.C. § 362(d)(2), inasmuch as the estate has no equity in the aforementioned property. |

11-012117

**PLEASE TAKE FURTHER NOTICE,** that answering affidavits, if any, to the relief requested, must be served upon and received by Shapiro, DiCaro & Barak, LLC at their offices at 175 Mile Crossing Boulevard, Rochester, NY 14624 and filed with the Clerk of the United States Bankruptcy Court for the Eastern District of New York at United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, NY 11201 no later than seven (7) days prior to the return date of this motion.

Dated:  December 8 , 2016
       Rochester, New York

                            Nicole Kolczynski
                            Bankruptcy Attorney
                            Shapiro, DiCaro & Barak, LLC
                            Attorneys for Wells Fargo Bank, N.A.
                            175 Mile Crossing Boulevard
                            Rochester, New York 14624
                            Telephone: (585) 247-9000
                            Fax: (585) 247-7380

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS NOTICE IS REQUIRED BY THE PROVISIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AND DOES NOT IMPLY THAT WE ARE ATTEMPTING TO COLLECT MONEY FROM ANYONE WHO HAS DISCHARGED THE DEBT UNDER THE BANKRUPTCY LAWS OF THE UNITED STATES.**

TO:    SERVICE LIST

11-012117

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION
IN RE

              VICTOR BOSTIC

              DEBTOR

CHAPTER 7

CASE NO. 1-16-44422-cec

JUDGE: Carla E. Craig

## AFFIRMATION IN SUPPORT OF
## ENTRY OF AN ORDER GRANTING
## RELIEF FROM THE AUTOMATIC STAY

Nicole Kolczynski, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District Court for the Eastern District of New York, hereby affirms the following to be true under penalty of perjury:

1. I am an associate with the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Wells Fargo Bank, N.A. ("Movant"), a secured creditor of Victor Bostic ("Debtor") and Elizabeth Bostic (non-filing "Co-Borrower"). As such, I am fully familiar with the facts and circumstances of this case.

2. I make this Affirmation in support of the within request for an Order Granting Relief from the automatic stay, for cause, pursuant to 11 U.S.C. § 362(d)(1) and (2).

3. Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. § 1334. This is a proceeding to terminate and annul the automatic stay and is therefore a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Movant is a secured creditor of the Debtor pursuant to a note executed by Debtor and Co-Borrower on March 1, 1996, whereby Debtor and Co-Borrower promised to repay the principal amount of $135,700.00 plus interest to Brucha Mortgage Bankers Corp., (the "Note").

11-012117

To secure the repayment of the Note, Debtor and Co-Borrower granted Brucha Mortgage Bankers Corp., a mortgage, which was duly recorded in the Richmond County Office of the City Register on March 26, 1996 in Book 6561, Page 0337 (the "Mortgage," Note and Mortgage, collectively, as the "Loan"), encumbering real property located at 99 Sumner Place, Staten Island, NY 10301 (the "Property"). The Loan was assigned to The Prudential Home Mortgage Co., Inc., and said transfer was memorialized by an assignment of mortgage executed on March 1, 1996 and recorded on April 26, 1996. The Loan was subsequently transferred to Norwest Mortgage, Inc., and said transfer was memorialized by an assignment of mortgage dated December 1, 1999 and recorded on March 29, 2000. The terms of the Loan were modified by agreement dated July 6, 2001 entered into by and between the Movant and the Debtor and Co-Borrower creating a new principal balance in the amount of $139,575.23. The terms of the Loan were further modified by agreement dated September 23, 2003 entered into by and between the Movant and the Debtor and Co-Borrower creating a new principal balance in the amount of $150,517.01. The terms of the Loan were further modified by agreement dated November 17, 2011 entered into by and between the Movant and the Debtor creating a new principal balance in the amount of $133,811.87. (the "Loan Modification Agreements")   Copies of the Note, Mortgage, Loan Modification Agreement, and Assignment of Mortgage are annexed hereto as **Exhibit "A"**.

5.   Upon information and belief, the Debtor herein own(s) the Property.

6.   Debtor filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code on or about September 29, 2016.

7.   The Mortgage was in default on the day the Debtor filed this bankruptcy.  Based upon said default, Movant initiated foreclosure proceedings in the Supreme Court of the State of New

York, County of Richmond, under index number 130114. A Summons and Complaint were filed on February 17, 2012. The filing of the instant bankruptcy stayed said action. A copy of the Summons and Complaint is annexed hereto as **Exhibit "B"**.

8. Debtor has failed to make current mortgage payments due to Movant under the terms of the Loan. As a result, the Mortgage remains due for the July 1, 2011 payment and each subsequent payment thereafter.

9. The amount of delinquency due as of November 23, 2016 under the Mortgage is as follows:

| | |
|---|---:|
| 5 Defaulted Monthly Payments at $1,497.58 each | $7,487.90 |
| (July 2011 through November 2011) | |
| 51 Defaulted Monthly Payments at $1,503.22 each | $76,664.22 |
| (December 2011 through February 2016) | |
| 7 Defaulted Monthly Payments at $1,938.17 each | $13,567.19 |
| (March 2016 through September 2016) | |
| 2 Defaulted Monthly Payments at $1,768.47 each | $3,536.94 |
| (October 2016 through November 2016) | |
| Late Charges | $346.64 |
| Property Inspections | $471.75 |
| Attorney's Fees | $5,825.00 |
| Recoverable Fees | $5,410.60 |
| Total Delinquencies | $113,310.24 |

10. A copy of the Relief from Stay-Real Estate and Cooperative Apartments ("Affidavit") is annexed hereto as **Exhibit "C"**.

11. Upon information and belief, as a result of the total debt due and owing, Movant has been required to advance monies for taxes and insurance to protect its security interest.

12. Moreover, in view of the total debt due to Movant and in light of the monies being expended by Movant for taxes and insurance, Movant is no longer adequately protected. The automatic stay must be vacated for cause pursuant to 11 U.S.C. § 362(d)(1).

13. As set forth in the Affidavit, as of November 23, 2016, the approximate debt due and owing to Movant equals $205,240.01. The debt is accruing interest at a rate of 6.75% per annum.

14. Based upon the Debtor's Schedule A/B, the Property has an estimated fair value of approximately $267,000.00. A copy of Debtor's Schedule A/B is annexed hereto as **Exhibit "D"**. As indicated in paragraph 13 herein above, the total debt to Movant equals $205,240.01. Taking into account the Debtor's homestead exemption, the estate has no equity in the Property sought to be foreclosed. Accordingly, relief from the automatic stay is warranted under 11 U.S.C. § 362(d)(2).

15. Movant, according to the laws of the State of New York and the terms and conditions of the Mortgage, desires to continue and/or commence foreclosure proceedings with respect to the Property.

16. The Debtor, Co-Borrower, Debtor's Attorney, the Chapter 7 Trustee, the Office of the United States Trustee and all creditors that have filed a notice of appearance have each been duly served with the within Notice of Motion, Affirmation, Exhibits and proposed Order Vacating Stay, as more fully set forth in the annexed affidavit of mailing.

17. No prior application has been made for the relief requested herein.

11-012117

**WHEREFORE,** Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2) as to the aforementioned Property; allowing Movant, its agents, assigns or successors in interest, leave to exercise its rights pursuant to the Note and Mortgage including but not limited to foreclose the Mortgage secured by the subject Property; and for such other, further and different relief as to this Court may seem just, proper and equitable.

Dated:    December 8 , 2016
          Rochester, New York


                                        Nicole Kolczynski
                                        Bankruptcy Attorney
                                        Shapiro, DiCaro & Barak, LLC
                                        Attorneys for Wells Fargo Bank, N.A.
                                        175 Mile Crossing Boulevard
                                        Rochester, New York 14624
                                        Telephone: (585) 247-9000
                                        Fax: (585) 247-7380