# Exhibit "B"

## OFFICE OF THE RICHMOND COUNTY CLERK
Application for Index Number for the
Supreme Court of the State of New York, County of Richmond

| | |
|---|---|
| Fee | $355.00 |
| Surcharge | $45.00 |
| TOTAL DUE | $400.00 |

Caption of Action or Proceeding:
Wells Fargo Bank, NA

- against-

Victor Bostic; Elizabeth Bostic; Asset Acceptance LLC a/o MBNA; Capital One Bank; Sears Roebuck and Co.; City of New York Parking Violations Bureau; City of New York Transit Adjudication Bureau; City of New York Environmental Control Board; The Harvard Square Homeowners Association, Inc., "JOHN DOE", said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises.

Do not write in this space
**INDEX NUMBER**

Endorse this Index Number
On all Papers

130114

RICHMOND COUNTY CLERK
2012 FEB 17 A 11:33
DIVISION OF LAW & EQUITY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

Wells Fargo Bank, NA,

                Plaintiff,

-against-

Victor Bostic; Elizabeth Bostic; Asset Acceptance LLC a/o MBNA; Capital One Bank; Sears Roebuck and Co.; City of New York Parking Violations Bureau; City of New York Transit Adjudication Bureau; City of New York Environmental Control Board; The Harvard Square Homeowners Association, Inc., "JOHN DOE", said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises,
                Defendants.

NOTICE OF PENDENCY
OF ACTION

Index No. _____



**NOTICE IS HEREBY GIVEN** that an action has been commenced and is pending in this Court upon a complaint of the above named Plaintiff against the above named Defendants for the foreclosure of a Modified Mortgage dated November 17, 2011, executed by Victor Bostic, as Mortgagor(s) to Wells Fargo Bank, N.A., as Mortgagee, to secure the sum of $133,811.87. The Plaintiff, Wells Fargo Bank, NA is a successor by merger to Wells Fargo Home Mortgage, Inc. which is formerly known as Norwest Mortgage, Inc. The foregoing instrument modified the following mortgage(s): The Mortgage given by Victor Bostic and Elizabeth Bostic to Brucha Mortgage Bankers Corp. to secure the sum of $135,700.00 dated March 1, 1996 and recorded March 26, 1996 in Reel 6561, page 337. The Note and Mortgage were transferred to The Prudential Home Mortgage Co., Inc. and said transfer was memorialized

by an Assignment of Mortgage executed on March 1, 1996 and recorded April 26, 1996 in Reel 6631, page 150, and was further transferred to Norwest Mortgage, Inc. and said transfer was memorialized by an instrument executed January 24, 2000 and recorded March 29, 2000 in Reel 10090, page 85. The Loan Modification Agreement given by Victor Bostic and Elizabeth Bostic to Wells Fargo Home Mortgage Inc. to secure the sum of $150,517.01 dated September 23, 2003.

**NOTICE IS FURTHER GIVEN** that the mortgaged premises affected by said foreclosure action, at the time of the commencement of said action and at the time of the filing of this notice, was situated at 99 Sumner Place, Staten Island, NY 10301, the County of Richmond and the State of New York, and is more particularly described in said Mortgage and in Schedule "A" attached hereto and made a part hereof.

Dated: January 10, 2012

Michael J. Chatwin, Esq.
SHAPIRO, DICARO & BARAK, LLC
Attorneys for Plaintiff
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000
Our File No. 11-012117

# Closing USA, LLC

## SCHEDULE A

## DESCRIPTION OF MORTGAGES PREMISES

Title No.: **DS110095508**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Staten Island, County of Richmond, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of Sumner Place, distant 180.49 feet southerly from the corner formed by the intersection of the easterly side of Sumner Place with the southerly side of Prospect Avenue;

RUNNING THENCE North 77 degrees 12 minutes 10 seconds East and part of the distance through a party wall, 110.00 feet to a point;

RUNNING THENCE South 12 degrees 47 minutes 50 seconds East 17.40 feet to a point;

RUNNING THENCE South 77 degrees 12 minutes 10 seconds West and part of the distance through a party wall, 110.00 feet to a point on the easterly side of Sumner Place; and

RUNNING THENCE along the easterly side of Sumner Place North 12 degrees 47 minutes 50 seconds West 17.40 feet to the point or place of BEGINNING.

Said premises more commonly known as 99 Sumner Place, Staten Island, New York.

TO: THE CLERK OF THE COUNTY OF RICHMOND:

You are hereby directed to index the within Notice of Pendency of Action to the name of all of the Defendant(s) herein and the Section, Block and Lot(s) and/or property address as set forth below:

    Block 00084 Lot 512
    Property Address: 99 Sumner Place, Staten Island, NY 10301

Dated: January 10, 2012

                                                           Michael J. Chatwin, Esq.
                                                           SHAPIRO, DICARO & BARAK, LLC
                                                           250 Mile Crossing Boulevard
                                                           Suite One
                                                           Rochester, NY 14624
                                                          (585) 247-9000

## CERTIFICATION BY ATTORNEY

I, Michael J. Chatwin, am an attorney duly admitted to the practice of law in the State of New York. I am an associate of Shapiro, DiCaro & Barak, LLC, the attorneys for Plaintiff, Wells Fargo Bank, NA, in the above captioned civil action.

I HEREBY CERTIFY, pursuant to Sec. 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR), to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that the presentation of the Notice of Pendency in this action, or the contentions therein, are not frivolous as defined in subsection (c) of Sec. 130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Dated: January 10, 2012

Michael J. Chatwin, Esq.
SHAPIRO, DICARO & BARAK, LLC
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

Wells Fargo Bank, NA,

                Plaintiff,

-against-

Victor Bostic; Elizabeth Bostic; Asset Acceptance LLC a/o MBNA; Capital One Bank; Sears Roebuck and Co.; City of New York Parking Violations Bureau; City of New York Transit Adjudication Bureau; City of New York Environmental Control Board; The Harvard Square Homeowners Association, Inc., "JOHN DOE", said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises,
                Defendants.

**SUMMONS AND NOTICE**

Index No. _____

Date Filed: _____

COPY

PROPERTY ADDRESS:   99 Sumner Place, Staten Island, NY 10301

**TO THE ABOVE NAMED DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or a notice of appearance on the attorneys for the Plaintiff within thirty (30) days after the service of this summons, exclusive of the day of service. The United States of America, if designated as a defendant in this action, may appear within sixty (60) days of service hereof. In case of your failure to appear or answer, judgment will be taken against you by default-for the relief demanded in the complaint.

RICHMOND COUNTY CLERK
2012 FEB 17 A 11:28
RECEIVED COURT DESK

## NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT THE OBJECT of

the above captioned action is to foreclose a Modified Mortgage (hereinafter "the Mortgage") to secure $133,811.87 and interest, and loan modification agreement covering premises known as 99 Sumner Place, Staten Island, NY 10301.

The relief sought in the within action is a final judgment directing the sale of the premises described above to satisfy the debt secured by the Mortgage described above.

Plaintiff designates Richmond County as the place of trial. Venue is based upon the County in which the mortgaged premises is situated.

## NOTICE
## YOU ARE IN DANGER OF LOSING YOUR HOME

**IF YOU DO NOT RESPOND TO THIS SUMMONS AND COMPLAINT BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE MORTGAGE COMPANY WHO FILED THIS FORECLOSURE PROCEEDING AGAINST YOU AND FILING THE ANSWER WITH THE COURT, A DEFAULT JUDGMENT MAY BE ENTERED AND YOU CAN LOSE YOUR HOME.**

**SPEAK TO AN ATTORNEY OR GO TO THE COURT WHERE YOUR CASE IS PENDING FOR FURTHER INFORMATION ON HOW TO ANSWER THE SUMMONS AND PROTECT YOUR PROPERTY.**

**SENDING A PAYMENT TO YOUR MORTGAGE COMPANY WILL NOT STOP THIS FORECLOSURE ACTION.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

Dated: January 10, 2012

_/s/ Michael J. Chatwin_
Michael J. Chatwin, Esq.
SHAPIRO, DICARO & BARAK, LLC
Attorneys for Plaintiff
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000
Our File No. 11-012117

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

Wells Fargo Bank, NA,

                          Plaintiff,

-against-

Victor Bostic; Elizabeth Bostic; Asset Acceptance LLC a/o MBNA; Capital One Bank; Sears Roebuck and Co.; City of New York Parking Violations Bureau; City of New York Transit Adjudication Bureau; City of New York Environmental Control Board; The Harvard Square Homeowners Association, Inc., "JOHN DOE", said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises,
                          Defendants.

**MORTGAGE FORECLOSURE COMPLAINT**

Index No. _____

Date Filed: _____

The Plaintiff herein, by its Attorneys, Shapiro, DiCaro & Barak, LLC, complains of the defendants above named, and for its cause of action, alleges that:

<u>First:</u>        The Plaintiff herein, at all times hereinafter mentioned was and still is a duly authorized Corporation or Association and having an office c/o 3476 Stateview Blvd, MAC# X7801-013 (FC), Fort Mill, South Carolina 29715.

**PLAINTIFF FURTHER ALLEGES
UPON INFORMATION AND BELIEF**

<u>Second:</u>       The defendants set forth in Schedule "A" reside or have a place of business at the address set forth therein and are made defendants in this action in the capacities therein alleged and for the purpose of foreclosing and extinguishing any other right, title or interest said defendants may have in the subject premises.

<u>Third:</u>	The United States of America, The People of the State of New York, The State Tax Commission of the State of New York, the Industrial Commissioner of the State of New York and all other agencies or instrumentalities of the Federal, State or local government (by whatever name designated) if made parties to this action and if appearing in Schedule "B", are made parties solely by reason of the interest set forth in Schedule "B" and for no other reason.

<u>Fourth:</u>	Heretofore, the defendant(s), Victor Bostic and Elizabeth Bostic, for the purpose of securing to Wells Fargo Bank, N.A., its successors and assigns, the sum of $133,811.87, duly made a certain bond, note, consolidation, extension, modification, recasting, or assumption agreement, as the case may be, wherein and whereby they bound themselves, their heirs, executors, administrators and assigns, and each and every one of them, jointly and severally, in the amount of said sum of money, all as more fully appears together with the terms of repayment of said sum or rights of Wells Fargo Bank, N.A., its successors and assigns, in said bond, note or other instrument, a copy of which is attached hereto and made a part hereof.

<u>Fifth:</u>	As security for the payment of said indebtedness, a consolidation, extension and/or modification agreement was executed, acknowledged and delivered to Wells Fargo Bank, N.A., wherein and whereby the mortgagor(s) named therein mortgaged, bargained, granted an interest in and/or sold to the mortgagee, its successors and assigns, the premises more particularly described therein, hereinafter called "mortgaged premises", under certain conditions with rights, duties and privileges between or among them as more fully appears in said consolidation, extension and/or modification agreement, a copy of which is attached hereto and made a part hereof. Said Loan Modification(hereinafter "the Mortgage") modified the

mortgage(s) referred to in Schedule D hereof to form a single first mortgage lien in the sum of $133,811.87.

Sixth: The Plaintiff is the current owner and holder of the subject mortgage and note, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note. If Plaintiff is not the original owner and holder of the subject note and mortgage then information regarding the chain of title will be contained in Schedule D.

Seventh: The said mortgages were duly recorded and the mortgage tax due thereon was duly paid on the recorded instrument in the proper County Clerk's Office at the place and time which appears thereon.

Eighth: The defendants, Victor Bostic and Elizabeth Bostic, so named, have failed and neglected to comply with the conditions of said mortgage, bond or note by omitting and failing to pay the monthly payments of principal, interest, taxes, assessments, water rates, insurance premiums, escrow and/or other charges, and accordingly, the plaintiff has duly elected and does hereby elect to call due the entire amount presently secured by the mortgage described in paragraph "FIFTH" hereof.

Ninth: Heretofore and prior to the commencement of this action, part of the original principal sum may have been paid to apply on said indebtedness and there remains due the amount set forth in Schedule C.

Tenth: In order to protect its security, the plaintiff has paid, or will pay, as may be compelled during the pendency of this action, local taxes, assessments, water rates, insurance premiums, inspections and other charges affecting the mortgaged premises, and the plaintiff requests that any sums thus paid by it for said purposes (together with interests thereon) should

be added to the sum otherwise due and be deemed secured by the said mortgage and be adjudged a valid lien on the mortgage premises, the amount of which will ultimately be determined by the Court.

Eleventh:   The defendants herein have, or claim to have, some interest in or lien upon, said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of plaintiff's mortgage or was subordinated to.

Twelfth:   There are no pending proceedings at law or otherwise to collect or enforce said bond/note and mortgage and that there is no other action pending which has been brought to recover said mortgage debt or any part thereof.

Thirteenth:   The Schedules, Exhibits and other items attached to this complaint are expressly incorporated and made a part of this Complaint for all purposes with the same force and effect as if they were completely and fully set forth herein wherever reference has been made to each or any of them.

Fourteenth:   By reason of the foregoing, there is now due and owing to the plaintiff upon said bond, note, assumption agreement, consolidation agreement, or recasting agreement, the unpaid principal balance set forth in Schedule C, and such other fees, costs, late charges, and interest, the amount of which will be determined by the Court.

Fifteenth:   The mortgage provides that, in the case of foreclosure, the mortgaged premises may be sold in one parcel.

Sixteenth:   The Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment or performance, after the date of the commencement of this action, of any or all of the defaults mentioned herein; and such election shall continue and remain effective until the costs and disbursements of this action, and

all present and future defaults under the Note and Mortgage and occurring prior to the discontinuance of this action are fully paid and cured.

<u>Seventeenth:</u>    Pursuant to the Fair Debt Collection Practices Act, this action may be deemed to be an attempt to collect a debt, on behalf of Plaintiff. Any information obtained as a result of this action will be used for that purpose.

<u>Eighteenth:</u>    If the subject note and mortgage fall within the prescribed definition of a subprime home loan or high-cost home loan as identified under section six-l or six-m of the New York State Banking Law, then Plaintiff has complied with all the provisions of section five-hundred ninety-five of the New York State Banking Law and any rules and regulations promulgated thereunder, section six-l or six-m of the New York State Banking Law and section thirteen hundred four of New York State Real Property Actions and Proceedings Law (RPAPL).

<u>Nineteenth:</u>    Upon information and belief, Plaintiff has complied with the provisions of RPAPL § 1306, if applicable.

<u>Twentieth:</u>    Upon information and belief the Loan Modification Agreement executed by the parties has not been recorded in the County Registrar/Clerk's office as of the date of this pleading. In the event that Plaintiff cannot locate the original Loan Modification Agreement, Plaintiff will seek a Court Order to direct the recording and indexing the copy of the Loan Modification Agreement as annexed hereto as Exhibited, in lieu of the original.

**WHEREFORE**, plaintiff demands judgment:

(a)    Adjudging and decreeing the amounts due the plaintiff for principal, interest, costs, and reasonable attorney's fees, if and as provided for in the said mortgage;

(b) That the defendants and all persons claiming by, through or under them, or either or any of them, subsequent to the commencement of this action and every other person or corporation whose right, title conveyance or encumbrance is subsequent to or subsequently recorded, may be barred and forever foreclosed of all right, claim, lien, or interest, or equity of redemption in and to said mortgaged premises;

(c) That the said mortgaged premises, or such part thereof as may be necessary to raise the amounts then due for principal, interest, costs, reasonable attorney's fees, allowances and disbursements, together with any monies advanced and paid, may be decreed to be sold according to law;

(d) That out of the monies arising from the sale thereof, the plaintiff may be paid the amounts then due on said bond/note and mortgage and any sum which may have been paid by the plaintiff to protect the lien of plaintiff's mortgage as herein set forth, with interest upon said amounts from the dates of the respective payments and advances thereof, the costs and expenses of this action, additional allowance, if any, and reasonable attorney's fees, if and as provided for in the mortgage, rider or other agreement, so far as the amount of such money properly applicable thereto will pay the same;

(e) That either or any of the parties to this action may become a purchaser upon such sale;

(f) That this Court forthwith appoint a Receiver of the rents and profits of said premises with the usual powers and duties;

(g) That the defendant(s), Victor Bostic and Elizabeth Bostic, <u>unless discharged in bankruptcy</u> may be adjudged to pay any deficiency that may remain after applying all of said monies so applicable thereto;

(h) To record or seek the recording of the loan modification agreement;

(i) That the United States of America shall have the right of redemption, if applicable;

(j) That the plaintiff may have such other or further relief, or both, in the premises as may be just and equitable.

Plaintiff specifically reserves its right to share in any surplus monies arising from the sale of subject premises by virtue of its position as a judgment or other lien creditor excluding the mortgage being foreclosed herein.

Dated: January 10, 2012

Michael J. Chatwin, Esq.
SHAPIRO, DICARO & BARAK, LLC
Attorneys for Plaintiff
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000
Our File No. 11-012117

## SCHEDULE A – DEFENDANTS

| DEFENDANTS | CAPACITY |
|---|---|
| Victor Bostic<br>99 Sumner Place<br>Staten Island, NY 10301-2239 | Owner of record and Obligor by virtue of the Consolidation and/or Modification Agreement referred to in Schedule D attached hereto. |
| Elizabeth Bostic<br>99 Sumner Place<br>Staten Island, NY 10301-2239 | Owner of record and Obligor by virtue of the Consolidation and/or Modification Agreement referred to in Schedule D attached hereto. |
| Asset Acceptance LLC a/o MBNA<br>P.O. Box 2041<br>Warren, MI | Judgment creditor by virtue of a Richmond County Court judgment filed on August 11, 2003 for $36,955.40 vs. Victor Bostic, 99 Sumner Place, Staten Island, NY 10301-2239 Attorney: Goldman & Warshaw, PC |
| Capital One Bank<br>500 North Franklin Turnpike<br>Ramsey, NJ 07460 | Judgment creditor by virtue of a Richmond County Court judgment filed on April 5, 2004 for $4,232.88 vs. Victor Bostic, 99 Sumner Place, Staten Island, NY 10301-2239 Attorney: Mullooly, Jeffrey, Rooney & Flynn |
| Sears Roebuck and Co.;<br>P.O. Box 19506<br>Greensboro, NC 27419 | Judgment creditor by virtue of a Richmond County Court judgment filed on July 12, 2001 for $4,682.96 vs. Elizabeth Bostic, 99 Sumner Place, Staten Island, NY 10301-2239 Attorney: Sharinn & Lipshie, PC |
| The Harvard Square Homeowners Association, Inc. | Possible holder of claim or lien as a result of unpaid common charges and possible holder of a right of first refusal express or implied by pursuant to the terms of Declaration of Covenants, Easements and Restrictions By-Laws recorded in Reel 5053 of Deeds, page 177. |
| "JOHN DOE" | Said name being fictitious, it being the intention of Plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein. |

## SCHEDULE B – DEFENDANTS

| DEFENDANTS | CAPACITY |
|---|---|
| City of New York Parking Violations Bureau<br>100 Church Street<br>Church Street, NY 10007 | Lienor by virtue of a New York City Parking Violations Bureau judgment. |
| City of New York Transit Adjudication Bureau<br>130 Livingston Street<br>Brooklyn, NY 11201 | To cut off any possible liens filed by the Transit Adjudication Bureau with the Clerk of Richmond County. |
| City of New York Environmental Control Board<br>100 Church Street<br>New York, NY 10007 | Judgment creditor by virtue of a Richmond County Environmental Control Board judgment. |

## SCHEDULE C

### MORTGAGE INFORMATION

| | | |
|---|---|---|
| 1. | Original Amount of Bond/Note/ Consolidation or Modification Agreement | $133,811.87 |
| 2. | Last installment due and paid | June 1, 2011 |
| 3. | Date of first unpaid installment/ default date | July 1, 2011 |

### AMOUNT DUE

| | | |
|---|---|---|
| 4. | Principal balance owing | $130,425.73 |
| 5. | *Interest @ 6.75% from June 1, 2011 | To Be Calculated at Judgment |
| 6. | Late charges (Calculated per terms of the note) | $148.56 |
| 7. | Taxes Advanced by Plaintiff | To Be Calculated at Judgment |
| 8. | Escrow Advances | To Be Calculated at Judgment |

\* *Interest will continue to accrue at the contract bond/note/loan agreement rate, until a Judgment of Foreclosure and Sale has been entered in the proper County Clerk's Office, at which time the interest rate will be calculated at the legal rate of 9.00%.*

(11-012117)

## SCHEDULE D

The instrument being foreclosed herein is a Modified Mortgage dated November 17, 2011, executed by Victor Bostic, as Mortgagor(s) to Wells Fargo Bank, N.A., as Mortgagee, to secure the sum of $133,811.87. The Plaintiff, Wells Fargo Bank, NA is a successor by merger to Wells Fargo Home Mortgage, Inc. which is formerly known as Norwest Mortgage, Inc.

The foregoing instrument modified the following mortgage(s): The Mortgage given by Victor Bostic and Elizabeth Bostic to Brucha Mortgage Bankers Corp. to secure the sum of $135,700.00 dated March 1, 1996 and recorded March 26, 1996 in Reel 6561, page 337. The Note and Mortgage were transferred to The Prudential Home Mortgage Co., Inc. and said transfer was memorialized by an Assignment of Mortgage executed on March 1, 1996 and recorded April 26, 1996 in Reel 6631, page 150, and was further transferred to Norwest Mortgage, Inc. and said transfer was memorialized by an instrument executed January 24, 2000 and recorded March 29, 2000 in Reel 10090, page 85. The Loan Modification Agreement given by Victor Bostic and Elizabeth Bostic to Wells Fargo Home Mortgage Inc. to secure the sum of $150,517.01 dated September 23, 2003.

(11-012117)